AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Northern District of Ohio

1:20-mj-58

United States of America
v.
BRANDON MICHAEL ALTHOF LONG

*Defendant*

Case No. 1:20MJ2119

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay *(name of person to be arrested)* BRANDON MICHAEL ALTHOF LONG, who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☑ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 231(a)(2): Transporting any firearm, or explosive or incendiary device, in furtherance of civil disorder
18 U.S.C. § 844(h)(1) and (m): Conspiracy to use fire or an explosive to commit any felony which may be prosecuted in a court of the United States
18 U.S.C. § 2101(a)(2) and (4): Organize, promote, encourage, participate in, or carry on a riot; and aiding or abetting any person in inciting or participating in or carrying on a riot or committing any act of violence in furtherance of a riot

Date: **Jun 4, 2020**

David A. Ruiz
*Issuing officer's signature*

City and state: Cleveland, Ohio

DAVID A. RUIZ, U.S. MAGISTRATE JUDGE
*Printed name and title*

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO

### Return

This warrant was received on *(date)* ______, and the person was arrested on *(date)* ______ at *(city and state)* ______.

Date: ______

*Arresting officer's signature*

*Printed name and title*

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: BRANDON MICHAEL ALTHOF LONG

Known aliases:

Last known residence: 1145 West 212th Street, Erie PA 16502

Prior addresses to which defendant/offender may still have ties:

Last known employment:

Last known telephone numbers: 814-566-7035

Place of birth:

Date of birth: 11/07/1996

Social Security number:

Height: Weight:

Sex: Male Race:

Hair: Eyes:

Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use:

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number:

Complete description of auto:

Investigative agency and address: Federal Bureau of Investigation, SA Jen Kiesel, 216-704-7705
Email: JKIESEL@FBI.GOV

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*:

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of Ohio

**FILED**
**7:17 pm Jun 04 2020**
**Clerk U.S. District Court**
**Northern District of Ohio**
**Cleveland**

United States of America
v.
BRANDON MICHAEL ALTHOF LONG

*Defendant(s)*

Case No. 1:20MJ2119

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of MAY 30, 2020 in the county of CUYAHOGA in the NORTHERN District of OHIO, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 231(a)(2) | Transporting any firearm, or explosive or incendiary device, in furtherance of civil disorder |
| 18 U.S.C. § 844(h)(1) and (m) | Conspiracy to use fire or an explosive to commit any felony which may be prosecuted in a court of the United States |
| 18 U.S.C. § 2101(a)(2) and (4) | Organize, promote, encourage, participate in, or carry on a riot; and aiding or abetting any person in inciting or participating in or carrying on a riot or committing any act of violence in furtherance of a riot |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

JENNIFER KIESEL, SPECIAL AGENT
*Printed name and title*

Sworn to via telephone after submission by reliable electronic means. Fed. R. Crim. P. 3, 4(d), and 4.1.

Date: **Jun 4, 2020**

[signature]
*Judge's signature*

City and state: CLEVELAND, OHIO

DAVID A. RUIZ, U.S. MAGISTRATE JUDGE
*Printed name and title*

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO

**AFFIDAVIT** 1:20MJ2119

I, JENNIFER KIESEL, Special Agent of the Federal Bureau of Investigation (FBI), United States Department of Justice (DOJ), being duly sworn and deposed, state the following:

**INTRODUCTION AND AGENT BACKGROUND**

1. Your Affiant is a Special Agent with the Federal Bureau of Investigation, and as such, is an investigative or law enforcement officer of the United States within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure. Your Affiant is filing this Affidavit to obtain a Complaint and Arrest Warrant for BRANDON MICHAEL ALTHOF LONG for violations listed herein. Your Affiant is engaged in the enforcement of criminal laws and is within the category of officers authorized by the Attorney General to request and execute arrest and search warrants pursuant to Title 18 U.S.C. § 3052 and 3107; and DOJ regulations set forth at Title 28 C.F.R. § 0.85 and 60.2(a).

2. I am a Special Agent with the Cleveland Division of the Federal Bureau of Investigation, (hereinafter "FBI"), and have been since February 28, 2010. Your Affiant is currently assigned to the Joint Terrorism Task Force at the FBI's Cleveland Field Office. Affiant graduated from the FBI Academy in Quantico, Virginia in July, 2010. As a Special Agent, Affiant is engaged in the enforcement of criminal laws and has participated in several complex investigations. Your Affiant has requested and obtained numerous applications for arrest and search warrants in furtherance of investigations into various types of Federal violations. Affiant has received training and has experience in interviewing and interrogation techniques, arrest procedures, search and seizure, search warrant applications and various other investigative techniques. Writer has written

and executed search warrants for approximately 50 electronic devices, including Apple iPhones and other Apple devices.

3. The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents, officers, and witnesses. This Affidavit is intended to show only that there is sufficient probable cause to arrest BRANDON MICHAEL ALTHOF LONG for the requested warrant and does not set forth all of my knowledge about this matter. Actions, conversations, and statements are described in substance and in part, except where otherwise indicated.

4. Based on the facts set forth in this Affidavit, there is probable cause to believe that BRANDON MICHAEL ALTHOF LONG has committed violations of Title 18, United States Code, Sections 231(a)(2); 844(h)(1) and (m) and 2101(a)(2) and (4), as set forth below:

> a. 18 U.S.C. § 231(a)(2): Whoever transports or manufactures for transportation in commerce any firearm, or explosive or incendiary device, knowing or having reason to know or intending that the same will be used unlawfully in furtherance of a civil disorder;
>
> b. 18 U.S.C. § 844(h)(1) and (m): Whoever conspires to use fire or an explosive to commit any felony which may be prosecuted in a court of the United States;
>
> c. 18 U.S.C. § 2101(a): Whoever travels in interstate or foreign commerce or uses any facility of interstate or foreign commerce, including, but not limited to, the mail, telegraph, telephone, radio, or television, with intent--
>
>> (2) to organize, promote, encourage, participate in, or carry on a riot; or
>>
>> (4) to aid or abet any person in inciting or participating in or carrying on a riot or committing any act of violence in furtherance of a riot;

> And who either during the course of any such travel or use or thereafter performs or attempts to perform any other overt act for any purpose specified in subparagraph (A),(B), (C), or (D) of this paragraph.

**JURISDICTION**

5. This Court has jurisdiction to issue the requested complaint and arrest warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. §§ 2711, 2703(a), 2703(b)(1)(A), and 2703 (c)(1)(A). Specifically, the Court is "a district court of the United States . . . that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

**PROBABLE CAUSE**

6. Your Affiant states that on May 30, 2020, there was a protest march planned in Cleveland, Ohio, in the Northern District of Ohio, starting at Willard Park, on the northwest corner of Lakeside Avenue and East 9th Street, and ending at the Justice Center, located on Lakeside Avenue between Ontario Avenue and West 3rd Street. The march began at approximately 2 p.m. and was scheduled to end at 5 p.m.

7. Based on your Affiant's observations that day, and the observations shared by others, many individuals assembled peacefully, with some even actively encouraging others to do the same.

8. At approximately 3:30 p.m. certain individuals in front of the Justice Center began throwing rocks, bottles, and other items at law enforcement officers. Certain other individuals also used spray paint to vandalize buildings, streets, and other structures with anti-police and anti-government slogans.

9. At approximately 3:50 p.m. members of the Cuyahoga County Sherriff's Office began using non-lethal techniques to disperse the crowds in front of the Justice Center. Certain individuals continued to throw items at the police and vandalize structures. At least three Cleveland Police Department zone cars were set on fire by the crowd.

10. From approximately 4 p.m. until 9:45 p.m., certain demonstrators continued to break windows of the Justice Center and surrounding buildings, knock over garbage cans and conduct other acts of vandalism. An additional four city-owned cars were set on fire during this time. The Cleveland Police Department and City of Cleveland issued orders for all demonstrators to disperse via megaphone, Twitter, social media, and contact with news outlets.

11. At approximately 7:30 p.m. the Cleveland Police Department and City of Cleveland issued a curfew to begin at 8:00 p.m. until 12:00 p.m. on May 31, 2020.

12. At approximately 7:30 p.m. the Cleveland Police Department and City of Cleveland issued an order establishing a civil order prohibiting any persons to be on the streets or in a vehicle in downtown Cleveland.

13. According to a Cleveland Division of Police report: At approximately 11:55 p.m. on May 30, 2020, Det. Habeeb and Cmdr. Connelly entered the intersection of East 8th St. and Huron Ave. in downtown Cleveland, Ohio. East 8th St. is an alley that runs in a one-way direction from south to north and ends at Huron Ave. Det. Habeeb and Cmdr. Connelly took up a position on Huron facing east to observe and report on rioting and looting which was underway in the area. At approximately 11:55pm, Det. Habeeb and Cmdr. Connelly observed a dark SUV parked on East 8th Street midway up the alley facing south, which is opposite the posted direction of travel for the one-way road. The vehicle had dark tinted window, which did not allow Det. Habeeb and Cmdr. Connelly to observe if there were any occupants.

14. Det. Habeeb and Cmdr. Connelly observed a large framed white male wearing a commercial style filter mask walking out of the alley from near the SUV and north bound towards Det. Habeeb and Cmdr. Connelly's position onto Huron Road west bound. Det. Habeeb and Cmdr. Connelly observed the male walk in a circular route on the sidewalk and then back towards the alley. The male walked around Det. Habeeb and Cmdr. Connelly's vehicle and appeared to be observing Det. Habeeb and Cmdr. Connelly. The male was on the streets in public during civil unrest in violation of a mandatory curfew put into place by the public order of the Mayor of the City of Cleveland which went into effect at 8:00pm.

15. Det. Habeeb and Cmdr. Connelly positioned their vehicle in the intersection of the alley facing south about 50 feet behind the SUV and activated the law enforcement light set to signal Det. Habeeb and Cmdr. Connelly were police officers. It was at this moment that the male Det. Habeeb and Cmdr. Connelly had been observing began to walk back towards the passenger side of Det. Habeeb and Cmdr. Connelly's vehicle on the south sidewalk towards the passenger door where Det. Habeeb was seated. Det. Habeeb exited the vehicle and stated, "Cleveland Police" at the same time the male said, "That's my vehicle" and gestured towards the alley. CPD Radio Dispatch had just come returned information indicating the registered owner of the dark SUV was BRANDON MICHAEL ALTHOF LONG.

16. Det. Habeeb stated, "Are you Brandon?" to which he replied in the affirmative. ALTHOF LONG then stated unsolicited, "I'm looking for my wallet, I lost it over there somewhere", pointing towards the area of the 700 block of Huron. Based on the appearance and statements of ALTHOF LONG and Det. Habeeb and Cmdr. Connelly's observations of the

vehicle, Det. Habeeb and Cmdr. Connelly detained ALTHOF LONG for violation of the curfew order.

17. Based on Det. Habeeb and Cmdr. Connelly's previous observations of groups of rioters and looters having entered the businesses at the intersection and carrying off looted property from several area liquor establishments, Det. Habeeb and Cmdr. Connelly believed that the vehicle was involved in criminal activity.

18. Det. Habeeb and Cmdr. Connelly observed the vehicle with Pennsylvania tag KXJ-2536, and radioed in to give the plate and location, requesting a description of the vehicle owner to compare with the male Det. Habeeb and Cmdr. Connelly were observing. During this time Det. Habeeb and Cmdr. Connelly saw the rear lights of the vehicle flash on and then off again, indicating the SUV was occupied. Det. Habeeb and Cmdr. Connelly radioed they would be out to check the vehicle and requested additional law enforcement support.

19. Det. Habeeb ordered ALTHOF LONG to stop and place his hands on the wall at the south west corner of Huron and E. 8th St. to which ALTHOF LONG complied. Det. Habeeb began a pat down of ALTHOF LONG's person for weapons and asked ALTHOF LONG directly, "Do you have any weapons on you?", to which ALTHOF LONG replied, "I don't think so." Det. Habeeb began the pat down and discovered no weapons. ALTHOF LONG was ordered to remain in position and not to move, to which ALTHOF LONG complied. Det. Habeeb informed ALTHOF LONG that he was in violation of the curfew order and subject to arrest. ALTHOF LONG stated he was just looking for his wallet and that he had lost it during the disruption on the street. Det. Habeeb asked him, "so you lost your wallet while you were

rioting?" to which ALTHOF LONG replied that he was just taking pictures and videos of the rioting and looting.

20. Det. Habeeb asked if there were any other occupants in his SUV to which he stated that his friend "Devon", later identified as DEVON BRYCE POLAND, was in the passenger seat of the SUV. Det. Habeeb and Cmdr. Connelly radioed again for additional support from CPD.

21. After several minutes, additional police units arrived to assist Det. Habeeb and Cmdr. Connelly. After their arrival, Det. Habeeb and Cmdr. Connelly, along with the additional supporting officers, advanced up the alley and took positions at the rear of the SUV and issued verbal orders to the occupant in the front passenger seat to exit facing away with his hands in the air, to which he complied. The male from the SUV was then identified as POLAND. Det. Habeeb conducted a pat down of the POLAND against the rear of the SUV and recovered a folding knife that had been clipped to the front pocket of POLAND's hooded sweatshirt. POLAND had no ID or wallet on his person. Det. Habeeb asked POLAND where his ID was and POLAND stated he didn't know.

22. Det. Habeeb asked POLAND if there were any weapons in the vehicle to which POLAND stated there was a BB gun and a knife in the car. I asked why there was a BB gun to which he stated "Brandon uses it for real estate I think." Det. Habeeb ordered POLAND to walk up the alley and place his hands against the wall next to ALTHOF LONG. Both POLAND and ALTHOF LONG remained at the corner for the remainder of the interaction without incident.

23. The vehicle was visually cleared from outside the vehicle with the doors open and found to have no additional passengers. In plain sight in the front and rear passenger compartments were backpacks, a hammer, a bottle of Fireball cinnamon whiskey liquor with a pour top like those used in bars, a BB gun resembling a pistol, and a red plastic bottle of liquid fire starter.

24. Your Affiant is aware that restaurants and bars were robbed during the riots and items stolen included bottles of alcohol.

25. ALTHOF LONG and POLAND were advised of their rights under Miranda which they acknowledged. ALTHOF LONG was asked about the bottle of liquor, which Det. Habeeb and Cmdr. Connelly suspected was looted property. When asked where it was obtained, both POLAND and ALTHOF LONG stated they found it on the sidewalk but neither could give an exact location. Both parties stated that it was found by POLAND.

26. Det. Habeeb again asked ALTHOF LONG if there were any weapons in the SUV and he mentioned the BB gun and a knife. Det. Habeeb then informed ALTHOF LONG that Det. Habeeb and Cmdr. Connelly would be recovering suspected contraband from his vehicle and again asked if there was any other weapons. ALTHOF LONG stated that he had a Glock 45 cal. pistol in his center compartment, but that it wasn't loaded. Det. Habeeb asked why ALTHOF LONG had a pistol to which he stated he had it for protection but never carried it during the riot.

27. A search of the vehicle compartment resulted in the following items being observed and recovered:

a. One black backpack with brand Outdoor Products
b. One open bottle of Fireball brand cinnamon whiskey, topped with a commercial pourer
c. Two one-pound bottles of Sterno Firestarter Instant Flame gel
d. One black Herschel brand backpack, with brown leather bottom and white paint streaks along the zipper
e. Two Glock brand magazines, each loaded with 17 rounds of ammunition (34 rounds total)
f. Blister packs of decongestant and ibuprofen
g. One yellow Stanley brand hammer
h. One can of red Rust-oleum brand paint and primer spray paint
i. One Glock 45 pistol, serial number BMFE182
j. One black "Bulldog Cases" leather pistol holster
k. One pocket knife
l. $40 in cash, consisting of two $20 bills
m. One Apple iPhone, white and rose gold in color, stored in a blue and grey OtterBox case
n. One Apple iPhone model A1549, silver in color, IMEI: 355783074741598

28. The following photographs are of the firearm, the firestarting gel and the hammer:







29. A federal search warrant was obtained on May 31 for the two Apple iPhones listed above. Your Affiant states that on June 4, 2020, she reviewed Facebook Messenger posts between ALTHOF LONG and POLAND recovered from POLAND's cellular telephone. Your Affiant affirms that texts between the two on May 30, 2020, contain statements that demonstrate an intent by ALTHOF LONG and POLAND to travel from Pennsylvania to Ohio on May 30, 2020, to participate in, promote, encourage, and aid and abet the criminal riots.

30. Specifically, your Affiant reviewed the following Facebook Messenger posts, all posts were sent and received on May 30, 2020:

a. At approximately 5:17 p.m., ALTHOF LONG messaged POLAND asking, in sum and substance "Wanna go to Pittsburgh and watch the riots;"

b. At approximately 5:19 p.m., POLAND replied, in sum and substance, "Is there actually riots? IK (I know) philly is wilding;"

c. At approximately 5:20 p.m., ALTHOF LONG messaged POLAND, in sum and substance, "They lit it on fire lmao (laugh my a** off);"

d. At approximately 5:24 p.m. POLAND responded, in sum and substance, "I wanna s**t kinda but my future wife needs me;"

e. At approximately 5:25 p.m., ALTHOF LONG responded, in sum and substance, "This is a once in a life time thing you can witness and maybe participate in;"

f. At approximately 5:25 p.m., ALTHOF LONG posted to POLAND, in sum and substance "Or tell her you gotta go overthrow the govt first;"

g. At approximately 6:10 p.m. and 6:11 p.m., ALTHOF LONG wrote to POLAND, in sum and substance, "Unless things change. Cleveland seems like a better spot to riot watch. Police shooting teargas and flash bangs, Pittsburgh hasn't had much of that;"

h. At approximately 7:09 p.m. ALTHOF LONG messages POLAND about buying supplies for their travel to Clevleand, he asked if POLAND wanted goggles, POLAND replied "Yes," and also asked for "a bandana" and a "backpack;"

i. At approximately 7:10 p.m. POLAND messaged ALTHOF LONG asking, in sum and substance, "Should we bring Molotov supplies?"

j. At approximately 7:17 p.m. ALTHOF LONG responded, in sum and substance, "Sadly enough I think I have everything needed for a Molotov in my car. Like normally;"

k. At approximately 7:48 p.m. and 7:49 p.m. POLAND wrote ALTHOF LONG stating, in sum and substance, "Pittsburgh is s**t down," and "The city is blocked shut bro;"

l. At approximately 7:50 p.m. and 7:56 p.m. ALTHOF LONG responded, stating, in sum and substance, "Cleveland is more lit anyway," and "And if not Pittsburgh then we can hit Cleveland OH."

m. At approximately 8:02 p.m. ALTHOF LONG messaged POLAND that he was leaving to pick him up and at approximately 8:04 p.m. POLAND responded by providing ALTHOF LONG the address in Erie, Pennsylvania where ALTHOF LONG should go.

31. Your Affiant believes that these Facebook posts support the assertion that ALTHOF LONG and POLAND traveled from out of state with the intent to participate, encourage, or carry on in the ongoing riot in Cleveland, Ohio. Based on the fact that they discussed purchasing the ingredients for a Molotov cocktail, and recognized that ALTHOF LONG, by his own admission, had such items already in his possession, your Affiant further avers that there is probable cause they conspired with each other with the intent to use fire to further their participation, encouragement, or carrying on of a riot. Finally, your Affiant believes that based on the presence of a firearm, a hammer, stolen alcohol and other items in the possession of ALTHOF LONG and POLAND, the two subjects conspired together with the intent to engage in rioting and robbery in Cleveland, Ohio.

**CONCLUSION**

32. Based on the aforementioned factual information, Affiant respectfully submits that there is probable cause to support a complaint and arrest warrant charging BRANDON MICHAEL ALTHOF LONG for engaging in, and conspiring to engage in, interstate travel with a firearm and with the intent to use fire to engage in, promote, aid or abet, encourage or participate in civil unrest and riot, pursuant to Title 18 U.S.C. § 231(a)(2), Use of Fire to Commit a Felony, pursuant to Title 18 U.S.C. § 844(h)(1) and (m), and Rioting, pursuant to Title 18 U.S.C. § 2101(a)(2) and (4).

Respectfully submitted,

Jennifer Kiesel
Special Agent
Federal Bureau of Investigation

Sworn to via telephone after submission by reliable electronic means. Fed. R. Crim. P. 3, 4(d), and 4.1, on this 4th, day of June, 2020.

DAVID A. RUIZ
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO